IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LaSHAUNDA SESSION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1564-G |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by LaShaunda Session seeking judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* On August 24, 2009, plaintiff tendered a one-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on October 1, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Under the Social Security Act:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A "final decision" results only after the claimant has exhausted her administrative remedies. *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987); *LeJeune v. Matthews*, 526 F.2d 950, 952 (5th Cir. 1976). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. *See id.* §§ 416.1404 to 416.1405. Next, the claimant must file a request for reconsideration. *See id.* §§ 416.1407 to 416.1422. The Commissioner of Social Security reviews the claim again and issues a reconsidered determination. *Id.* § 416.1420. After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. *See id.* §§ 416.1429 to 416.1461. If the claimant objects to that decision, she may appeal to the Appeals Council. *See id.* §§ 416.1467 to 416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court. *See Mamon v. Social Security Administration*, 24 F.3d 239 (Table), 1994 WL 243277 at *1 (5th Cir. May 19, 1994), *citing Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 108 S.Ct. 466 (1987).

In her interrogatory answers, plaintiff states that her claim was denied by an administrative law judge on February 12, 2009. (*See* Mag. J. Interrog. #4). Plaintiff appealed that decision to the Appeals Council, but has not been notified of a ruling. (*See* Mag. J. Interrog. #5). Without a final

agency decision, this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g). *See Riffe v. Astrue*, No. 3-08-CV-0673-BD, 2008 WL 4449550 at *1 (N.D. Tex. Oct. 1, 2008) (Kaplan, J.) (court lacked subject matter jurisdiction over social security case where plaintiff filed suit before Appeals Council issued a final decision).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE